**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Frixon Pineda-Martinez

    v.                            Case No. 23-cv-555-SE-AJ

Warden, FCI Berlin

**REPORT AND RECOMMENDATION**

Petitioner, Frixon Pineda-Martinez, a prisoner previously held at the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin"), filed a petition for a writ of habeas corpus relief under 28 U.S.C. § 2241 asking the court to direct the FCI Berlin Warden to apply credits he asserts he earned under the First Step Act, 18 U.S.C. § 3632(d)(4), toward early release and transfer to a residential reentry center or home confinement. The Warden moves to dismiss (Doc. No. 5), citing Fed. R. Civ. P. 12(b)(6), arguing that Pineda-Martinez failed to exhaust his administrative remedies. For the following reasons, the district judge should deny the Warden's motion to dismiss.

**Legal Standard**

The court addresses a Rule 12(b)(6) motion to dismiss a petition under § 2241, asserting a petitioner's failure to exhaust, using the same principles prescribed for a motion to dismiss a civil complaint asserting an affirmative defense. Iler-Reyes v. Warden, FCI Berlin, No. 23-cv-553-SM-AJ, 2024 WL

1

1773616, at *1, 2024 U.S. Dist. LEXIS 76892, at *1 (D.N.H. Apr. 3, 2024) (citing Walsh v. Boncher, 652 F. Supp. 3d 161, 164 (D. Mass. 2023)), R&R adopted, 2024 WL 1770776, 2024 U.S. Dist. LEXIS 74280 (D.N.H. Apr. 24, 2024). Under the Rule 12(b)(6) standard, the court must analyze whether a complaint contains enough "factual matter" to show that the petitioner has a plausible entitlement to relief under the prevailing law. See Burt v. Bd. of Tr. of Univ. of R.I., 84 F.4th 42, 50 (1st Cir. 2023). In evaluating whether the petitioner pleaded a plausible entitlement to relief, the court must accept his factual allegations as true, and it must draw all reasonable inferences in his favor. See id. (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Generally, the court may consider only the facts alleged in the petition, exhibits attached to it, and other materials that are fairly incorporated or are subject to judicial notice such as matters of public record. Lowe v. Mills, 68 F.4th 706, 713-14 (1st Cir.), cert. denied, 144 S. Ct. 345 (2023); see also Butler v. Balolia, 736 F.3d 609, 611 (1st Cir. 2013). Additionally, as a pro se litigant, Pineda-Martinez is entitled to a liberal construction of his pleadings. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Exhaustion of BOP remedies is an affirmative defense. "Where a court grants a Rule 12(b)(6) . . . motion based on an affirmative defense, the facts establishing that defense must:

(1) be 'definitively ascertainable from the complaint and other allowable sources of information,' and (2) 'suffice to establish the affirmative defense with certitude.'" Gray v. Evercore Restructuring L.L.C., 544 F.3d 320, 324 (1st Cir. 2008) (citation omitted). "In other words, before a motion to dismiss can be granted on the basis of an affirmative defense, the [petitioner] must 'affirmatively plead himself out of court' by alleging 'everything necessary to satisfy the affirmative defense.'" Urena v. Travelers Cas. & Sur. Co. of Am., No. 22-cv-200-PB, 2024 DNH 006, 2024 WL 406563, at *6, 2024 U.S. Dist. LEXIS 18343, at *16 (D.N.H. Feb. 2, 2024).

## **Background**

Pineda-Martinez is currently serving a sentence of 98-months incarceration, followed by five years of supervised release. While serving this sentence, he has participated in a number of programs and classes that earn credits toward early release to supervision or prerelease custody under the FSA.

On November 27, 2023, Pineda-Martinez received notice that he had been ordered removed from the United States. FCI Berlin staff subsequently informed Pineda-Martinez that he had lost his FSA credits and his release date had changed in the system.

Pineda-Martinez asserts that the BOP rescinded 365 days of time credits previously applied toward his sentence and has

3

refused to grant him 460 days of FSA time credits toward his placement in a halfway house or home confinement.  According to Pineda-Martinez, if the BOP had properly applied his FSA time credits, he should have been released from BOP custody in July 2024, 365 days earlier than the BOP's currently-projected date of release.  He also asserts that if his FSA time credits had been properly applied, he would have been placed in a halfway house months before he filed his petition.

## Discussion

The Warden argues that Pineda-Martinez's petition should be dismissed because he failed to exhaust his administrative remedies, namely, the BOP Administrative Remedy Program, before filing this petition.  In his petition, Pineda-Martinez conceded that he did not exhaust administrative remedies but asserted that he should be excused because he lacks sufficient time prior to his release to request relief through the BOP administrative process.

Federal common law imposes an administrative remedy exhaustion requirement on § 2241 petitions.  See, e.g., Rogers v. United States, 180 F.3d 349, 358 (1st Cir. 1999); Iler-Reyes, 2024 WL 1773616, at *2, 2024 U.S. Dist. LEXIS 76892, at *4.  Courts have recognized exceptions to the common-law administrative exhaustion requirement for futility and

4

inadequacy to prevent irreparable harm. Iler-Reyes, 2024 WL 1773616, at *2, 2024 U.S. Dist. LEXIS 76892, at *4. As noted in similar cases, the First Circuit has not addressed "whether the proximity of a prisoner's release date can provide grounds for the court to waive the exhaustion requirement," and "[o]ther courts have reached mixed results." Id., 2024 WL 1773616, at *3, 2024 U.S. Dist. LEXIS 76892, at *6 (footnote omitted, collecting cases). In Iler-Reyes, the court denied a motion to dismiss premised on the petitioner's failure to exhaust administrative remedies after taking "as true each of [the petitioner's] assertions including the timing and likelihood of his placement in a Residential Reentry Center, his FSA credits, his release date, and the time it would take to exhaust BOP remedies . . . ." Id., 2024 WL 1773616, at *3, 2024 U.S. Dist. LEXIS 76892, at *7.

Pineda-Martinez's petition is premised on substantially similar allegations and circumstances as the petition in Iler-Reyes. See id., 2024 WL 1773616, at *1-2, 2024 U.S. Dist. LEXIS 76892, at *3-6. Therefore, the Warden has not established conclusively all elements of the affirmative defense of exhaustion, as well as the unavailability of any exception to the exhaustion requirement. Accordingly, the district judge should deny the motion to dismiss (Doc. No. 5) on that basis.

**CONCLUSION**

The district judge should deny the Warden's motion to dismiss (Doc. No. 5). Any objections to this Report and Recommendation must be filed within 14 days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The objection period may be extended upon motion. Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016) (citations omitted).

_____
Andrea K. Johnstone
United States Magistrate Judge

July 30, 2024

cc:  Frixon Pineda-Martinez, pro se
     Anna Dronzek, Esq.

6